**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3600-18T2

WYDELL WASHINGTON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 26, 2020 – Decided June 9, 2020

Before Judges Sabatino and Natali.

On appeal from the New Jersey Department of Corrections.

Wydell Washington, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Beonica McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Wydell Washington, an inmate confined at Northern State Prison in Trenton,[1] appeals from a January 24, 2019 final administrative decision by the New Jersey Department of Corrections (DOC) finding that he committed prohibited act *.202, "possession or introduction of a weapon, such as . . . a sharpened instrument, knife, or unauthorized tool," contrary to N.J.A.C. 10A:4-4.1(a).[2] Appellant was sanctioned to 181 days of administrative segregation, 180 days' loss of commutation credits, and fifteen days' loss of recreation privileges. The DOC also confiscated the weapon seized from his cell. We affirm.

According to incident reports, on January 23, 2019, Officer Sloan[3] was ordered to conduct a search of appellant's cell. Hidden underneath commissary

---

[1] At the time of the incident that led to the administrative charges, appellant was incarcerated at Mid-State Correctional Facility in Wrightstown.

[2] Although it does not affect the decision in this matter, effective January 3, 2017, the DOC reclassified its disciplinary sanctions of asterisk offenses (most serious) and non-asterisk offenses (less serious) to the use of a five-level format and rebalanced the schedule of sanctions and the severity of offense scale. N.J.A.C. 10A:4-4.1(a); N.J.A.C. 10A:4-5.1; N.J.A.C. 10A:9-2.13. We refer in this opinion to prohibited act *.202 to conform to the record.

[3] We refer to Officer Sloan by his surname, intending no disrespect, as the record does not reflect his first name.

A-3600-18T2

items and papers, in his wall locker, Sloan discovered a razor fashioned into a weapon.

Appellant denied the charges and claimed that the weapon did not belong to him. He further alleged that his locker was searched earlier that day without incident, and then when his locker was later searched it was conducted by an unknown "[non]-tier officer" and "that [is] when [the] razor was found."

Prior to the disciplinary hearing, appellant requested and was granted the assistance of counsel substitute and, as noted, pled not guilty. He submitted a written statement denying the charges.

A Disciplinary Hearing Officer (DHO) considered defendant's statement and other evidence, as well as the reports prepared by Sloan, and found appellant guilty of the *.202 charge. The DHO noted that "[appellant] is responsible for contraband found in his locker to secure the security and running of [the] facility." On the adjudication report, appellant's counsel substitute signed and indicated that the information in the form "accurately reflect[ed] what took place at the inmate disciplinary hearing," including that appellant was "asked . . . [and] . . . declined" the right to call witnesses on his behalf and confront adverse witnesses.

A-3600-18T2

Appellant administratively appealed the disciplinary decision and claimed that he "was set up by the officer that searched [his] locker." As he did before the DHO, he stated that "his housing officer had searched [his] area a few minutes before with negative results" and he could not have placed the weapon in his footlocker because he "was buffing the floors" when the weapon was seized. On January 24, 2019, the DOC Assistant Superintendent, after reviewing the "charge, investigation, adjudication, and sanction," upheld the DHO's determination based on the "evidence presented." The DOC Assistant Superintendent specifically noted that contrary to appellant's unsupported allegation, "the last recorded search of [his] locker was on January 15, 2019."

Appellant raises three primary arguments on appeal. First, he argues that the DHO committed error in not permitting him the "right" to have the confiscated weapon fingerprinted. He states that he "adamantly" denies possessing the razor, no reports evidenced appellant ever wielding the weapon, and "fingerprint analysis would have changed the outcome." Second, he maintains the investigation was deficient which denied him a fair hearing and due process. He claims that the DHO committed error in not permitting him access to video footage, despite his request, which would have established his innocence of the charge. Finally, appellant contends his counsel substitute was

ineffective because he "had no knowledge of the infraction and was ill-prepared." He specifically asserts that his counsel substitute was informed of his representation the day of the hearing and only sought a postponement because appellant advised him to make the request.

"Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

When reviewing a determination of the DOC in a matter involving prisoner discipline, we engage in a "careful and principled consideration of the agency record and findings." Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)). We consider not only whether there is substantial evidence that the inmate

committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). However, the inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of NJDOC regulations. N.J.A.C. 10A:4-9.1 to 9.28.

Those rights include a right to a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12. The regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203 (citing McDonald, 139 N.J. at 202).

A-3600-18T2

Applying these principles, we are satisfied that there was substantial credible evidence in the record to support the finding of guilt on the *.202 charge, and that appellant received all the process he was due, despite his assertions to the contrary. In this regard, appellant has not demonstrated that the DOC's decision was arbitrary, capricious, or unreasonable. See Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable[,] or capricious rests upon the appellant").

Here, the contemporaneous reports prepared by Sloan presented at the disciplinary hearing and relied upon by the DHO and Assistant Superintendent established that appellant possessed a weapon in his footlocker. Other than appellant's own denials and unsupported claims that he was set up by some unnamed officer or individual who assumedly planted the weapon in his footlocker, nothing in the record reasonably challenges the reliability of Sloan's statements memorialized in his report. We also note that appellant's claim that his locker was searched "a few minutes before with negative results" was specifically rejected by the Assistant Superintendent who noted that the search previous to that which occurred on January 23, 2019 took place on January 15, 2019.

7

We reject appellant's claim that that a fingerprint analysis would have proven he did not possess the razor. First, there is no support in the record that appellant ever made such a request. Second, a fingerprint analysis is not required as evidence in a DOC disciplinary hearing and N.J.A.C. 10A:4-9.5(a)-(e), relied upon by appellant, does not require such an analysis. That regulation simply addresses the requirements of a DOC investigation which was fully complied with here. Finally, the absence of appellant's fingerprint on the weapon would not necessarily establish his innocence of possessing a weapon. Again, we note, appellant declined his opportunity to confront or call witnesses.

We reach a similar conclusion with respect to appellant's claim that the DHO committed error when it precluded him access to undescribed video footage. Initially we note that the adjudication report does not reflect any request by appellant or his counsel substitute for video footage. His administrative appeal also fails to mention any request for video footage or fingerprint analysis. Had such a request been made, there is no corroborative evidence that the footage would have revealed exculpatory evidence to challenge the unambiguous statements relied upon by the DHO. No documentary evidence supported appellant's claim of an earlier search and he

A-3600-18T2

failed to challenge Sloan's statements in his reports by way of confrontation or by seeking to call witnesses.

We also reject appellant's final point on appeal that the charges should be reversed and his sanctions dismissed because his counsel substitute was ineffective. Although the right to counsel substitute in prison disciplinary hearings is not equivalent to the constitutional right to formal or retained counsel in non-institutional proceedings, Avant, 67 N.J. at 536-37, appointment of counsel substitute is among the procedural safeguards to which inmates are entitled when charged with asterisk offenses. An inmate who receives assistance from a counsel substitute who is not "sufficiently competent" has been effectively denied the due process protections established by the applicable regulations. Id. at 529.

Appellant, however, never claimed ineffective assistance of counsel substitute in his administrative appeal or otherwise challenged the conduct of the hearing. Further, his factual assertions in his merits brief explaining counsel's ineffectiveness are unsupported. As such, we need not consider the claim on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is

available 'unless the questions so raised go to the jurisdiction of the trial court or concern matters of great public interest.'") (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also Hill v. N.J. Dep't of Corr. Comm'r William Fauver, 342 N.J. Super. 273, 293 (App. Div. 2001).

Even if we were to consider this contention, we are satisfied that appellant was not prejudiced by any deficiency such that there exists a "reasonable probability that, but for [counsel substitute's] unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Appellant presents nothing in the form of certifications from prospective witnesses, for example, or any other evidence to support his claims from which we could conclude that had different counsel substitute been assigned, the outcome of the proceedings would have been different. In addition, appellant provides no contemporaneous records to suggest, contrary to the explicit acknowledgment on the disciplinary adjudication forms, that he sought to call or confront witnesses.

We find no basis to reject the hearing officer's factual finding that the weapon was found in appellant's footlocker. Because the DHO's guilty finding and the imposed sanctions were supported by substantial credible evidence in the record and appellant was afforded sufficient due process, the determination

that appellant committed prohibited act *.202 was not arbitrary, capricious, or unreasonable.

To the extent we have not specifically addressed any of appellant's arguments, it is because we consider them sufficiently without merit to require discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION